UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x
TATIANA ZOLONDEK, *pro se,*           :
                                      :    **ORDER ADOPTING**
                          Plaintiff,  :    **REPORT AND RECOMMENDATION**
             -against-                :    02-CV-2030 (DLI) (LB)
                                      :
WORLDWIDE FLIGHT SERVICES, INC.,      :
                                      :
                          Defendants. :
------------------------------------------------------x

**DORA L. IRIZARRY, U.S. District Judge:**

      Plaintiff Tatiana Zolondek ("Zolondek") brought suit against Worldwide Flight Services, Inc. ("Worldwide") alleging that Worldwide violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§1981, the New York State Human Rights Law, the New York City Human Rights Law, New York City Administrative Code §§ 1-101 *et seq.*, and the Family and Medical Leave Act ("FMLA"). Zolondek alleges that she was treated disparately based upon her race and national origin, that she was retaliated against for complaining about her treatment, subject to sexual harassment and terminated in violation of FMLA. Worldwide moved for summary judgment on all of Zolondek's claims pursuant to Fed. R. Civ. P. 56. By order dated April 6, 2006, this court referred the motion to U.S. Magistrate Judge Lois Bloom for preparation of a Report and Recommendation ("R&R"). Judge Bloom issued a R&R on August 28, 2006 and recommended that this court grant defendants' motion for summary judgment in its entirety. After an extension of time, Zolondek filed timely objections to the R&R on September 22, 2006.[1] Worldwide filed a letter response to Zolondek's objections on September 29, 2006. For the reasons set forth below, the court adopts the R&R in its

---

[1] Worldwide points out that Zolondek filed her objections on September 22, 2006 but did not serve them on Worldwide until the following day. The court excuses this error as there was little, if any, prejudice to Worldwide from the delayed service.

entirety and dismisses this action in its entirety.

When reviewing a magistrate judge's report, a district judge must make a *de novo* determination with respect to those parts of the R&R to which any party objects. The district court may then "accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b); *See also United States v. Raddatz,* 447 U.S. 667, 673-76, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980). A party must serve and file any objections to a magistrate judge's proposed findings and recommendations within ten days after being served with the report. Failure to timely file waives the objection. *See Frank v. Johnson,* 968 F.2d 298, 300 (2d Cir. 1992); 28 U.S.C. § 636(b)(1). The failure to timely object also waives any further judicial review of the report. *Wesolek v. Canadair Ltd.*, 838 F.2d 55, 58 (2d Cir. 1988).

Failing to file objections on time is not the only way that a party can procedurally default, however, and "other factual predicates give rise to default as well." *Almonte v. New York State Div. of Parole*, 904-Civ-484, 2006 WL 149049 *4 (N.D.N.Y., Jan. 18, 2006). For example, "a party that limits its specific objections to a part of a report's findings or recommendations procedurally defaults as to the remainder." *Id; see also Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003) ("a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point."). Likewise, the Second Circuit has held that referring the court to previously filed papers or arguments, without more, is a procedural default. *Mario v. P & C Food Markets, Inc.*, 313 F.3d 758, 767 (2d Cir. 2002) ("merely referring the court to previously filed papers or arguments does not constitute an adequate objection under. . . Fed. R. Civ. P. 72(b)"); *Schoolfield v. Department of Corrections*, 91-Civ-1691, 1994 WL 119740 *2 (S.D.N.Y., April 6, 1994) (finding

that restating the relief sought in the motion and a the facts upon which the party grounds the complaint is not a proper objection to a report and recommendation).

MJ Bloom's R&R warned Zolondek of the consequences of not objecting within the time permitted by 28 U.S.C. §636(b)(1) and Fed. R. Civ. P. 72(b), with specific references to those statutes. (R&R at 34); *see also Frank,* 968 F.2d at 300 (holding that a report and recommendation must warn the *pro se* litigant of the consequences of the failure to object by making reference to the applicable statutes). Nevertheless, Zolondek only raised objections to the first twelve pages (out of thirty-five pages) of the R&R. Because Zolondek failed to object to the final thirteen pages of the R&R, any objections to those portions of the R&R are deemed waived. Although this may seem like a harsh result, the Supreme Court has instructed that the "rules in ordinary civil litigation should not be interpreted so as to excuse mistakes by those who proceed without counsel." *McNeil v. U.S.*, 508 U.S. 106, 113, 113 S.Ct. 1980, 124 L.Ed.2d 21 (1993). The Supreme Court reasoned that "in the long run . . . strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law." *Id. (quoting Mohasco Corp. v. Silver*, 447 U.S. 807, 826, 100 S.Ct. 2486, 2497, 65 L.Ed.2d 532 (1980)). Therefore, finding no clear error in the final thirteen pages of the R&R, the court adopts them in their entirety.

The court has reviewed the first twelve pages of the R&R, the portion that Zolondek did object to. However, none of Zolondek's objections require a *de novo* review of the record. For the most part, Zolondek's objections merely reiterate the allegations made in her complaint, and her only evidence to support the objections are the exhibits to her opposition to Worldwide's Rule 56(b) motion. This constitutes a procedural default. *See Mario v. P & C Food Markets, Inc.*, 313 F.3d at 767; *Schoolfield v. Department of Corrections*, 91-Civ-1691, 1994 WL 119740 *2 (S.D.N.Y.

April 6, 1994). Zolondek also objects to several points made in the R&R which are wholly irrelevant to the outcome of Worldwide's motion for summary judgement. The court is not required to review objections to matters that are irrelevant to the outcome of the motion. *Blum v. Schlegel* 830 F.Supp. 712, 716 (W.D.N.Y. 1993).

Because *de novo* review is not required, the court has reviewed the entire R&R for clear error, concentrating on those areas where Zolondek has asserted objections. *Edwards v. Fischer*, 414 F.Supp.2d 342, 346-47 (S.D.N.Y. 2006) ("if no objections are filed, or where objections are merely perfunctory responses, argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition, reviewing courts should review a report and recommendation for clear error."); *U.S. v. Lake*, 244 F.Supp.2d 104, 107 (E.D.N.Y. 2003) ("where a party makes only conclusory or general objections to a magistrate judge's report and recommendation, the district court reviews the report and recommendation for clear error.").

In reviewing the R&R for clear error, the court has identified the following objections:

(1) <u>It was error for MJ Bloom to find that Worldwide did not violate FMLA.</u>

Zolondek's objections to MJ Bloom's finding with respect to her FMLA claim are a recitation of arguments made in the amended complaint, and are supported only by exhibits provided in her opposition to Worldwide's motion for summary judgment. (Objections at 2, 10). Zolondek alleges that Worldwide was aware of the fact that she planned to take FMLA leave when it terminated her on September 19, 2001. However, MJ Bloom found that there was no FMLA violation because Zolondek requested medical leave only *after* she received her notice of termination. Moreover, Zolondek was actually in the process of applying for unemployment insurance at the time. (R&R at 30-32). MJ Bloom discounted Zolondek's claim that she submitted

4

medical information to Worldwide, and that her husband called several times to request FMLA leave before she was terminated. MJ Bloom further found that Zolondek's own deposition testimony demonstrated that she had already been terminated at the time she requested FMLA leave. The court finds no clear error in MJ Bloom's determinations.

(2)  **MJ Bloom erred in recommending dismissal of Zolondek's sexual harassment claims for failure to utilize Worldwide's internal procedures.**

Zolondek objects to MJ Bloom's finding that Worldwide did not violate Title VII because Zolondek failed to utilize Worldwide's internal sexual harassment complaint procedures when she was harassed, thus denying Worldwide the opportunity to address the issue. (R&R at 26). In her objections, Zolondek claims that she utilized the internal complaint system, but to no avail. (Objections at 2). In support, Zolondek references a May of 2001 report to Peter Ferrantelli, the assistant general manager of JFK (Objections, Exhibit F); the declaration of Tony Oladipo (Objections, Exhibit D); Reports to "Gido" (Objections, Exhibit G); Report to Human Resources (Objections, Exhibit H); and the various sexual harassment charges filed with the EEOC and with Worldwide. (Objections, Exhibit A). The court has reviewed Exhibits D, G, and H and finds no clear error in MJ Bloom's determination that Zolondek did not utilize Worldwide's internal complaint procedure since none of these documents indicate otherwise. With respect to Exhibit F, a May 24, 2001 letter to Peter Ferrantelli that addresses alleged incidents of sexual harassment, the R&R notes that Zolondek in her deposition admitted that the letter was never sent. (R&R at 26). In her objections, Zolondek claims that she made a sexual harassment complaint against Frank Leonetti in May of 2001, immediately after the alleged sexual harassment incident. However, Judge Bloom found that "plaintiff commented in her deposition that she complained to no one about the May 21, 2001 incident with Leonetti." (R&R at 27). A review of Exhibit A to Zolondek's

5

opposition to Worldwide's motion to dismiss indicates that Zolondek did make a complaint to the EEOC regarding Leonetti's behavior in May 2001. The report is self defeating as it clearly identifies Leonetti as a "co-worker," not a supervisor as Zolondek claims in her objections. Likewise, Zolondek did not answer the question in the EEOC complaint that asked whether she reported the harassment to Worldwide management, but rather stated stating only that she had reported it to the EEOC.[2] *See* Exhibit A to Zolondek's Opposition. Thus, the court sees no clear error in Judge Bloom's determination that Zolondek did not use Worldwide's internal complaint procedure with respect to the allegations against Leonetti. Likewise, Zolondek's assertion that her pre-August 22, 2000 claims are not time barred because she "did everything on time" is not specific enough and far too conculsatory to warrant a *de novo* review of the record. (Objections at 3). The court finds no clear error in Judge Bloom's determinations.

(3)  <u>Judge Bloom erred in finding that the denial of Zolondek's requested days off was not discriminatory.</u>

Zolondek claims that she was discriminated against when she was not given the days off she requested while African-American employees were given their requested days. (Objections at 8). However, Judge Bloom found that Zolondek was given her requested days off when they became available. (R&R at 9). Because Zolondek simply has rehashed the allegations made in the complaint, there is no basis for a *de novo* review of the record. Similarly, the court points out that there is absolutely no evidence, other than Zolondek's conclusory allegation, that African-American employees were given the days off they requested. The court finds no clear error in Judge Bloom's determinations.

---

[2]  Zolondek did not annex the May 2001 complaint to her objections.

(4) <u>Judge Bloom erred in finding that Worldwide did not violate Title VII by denying Zolondek training, transferring her to a different building and reprimanding her for not wearing a uniform.</u>

Zolondek alleges that she was denied job training, transferred to another building and required to wear a unfirm under circumstances that give rise to an inference of discrimination and that it was an error for the Judge Bloom to find otherwise. (Objections at 5-7). Zolondek supports her objection by reference to the amended complaint and to her own deposition, both of which were considered by Judge Bloom. This is not a sufficient objection to require a *de novo* review. The court is satisfied that there is no clear error in Judge Blooms findings that neither the transfer to Building 78, nor the alleged denial of training, nor the fact that Zolondek was required to wear a uniform raises the inference of discrimination. (R&R at 13-15). Zolondek states that she gave a "non-uniform shirt" to a "co-worker in the same job classification who was not white and not Russian"and that co-worker was not reprimanded. (Objections at 6, 8-9). However, Zolondek does not provide an affidavit from the "non-Russian" employee or any other evidence demonstrating that this happened under such circumstances as to give rise to an inference of discrimination. Such conculsatory allegations do not require a *de novo* review of the record, and the court finds no clear error in Judge Bloom's determinations.

(5) <u>Judge Bloom erred in finding that Zolondek was not discriminated against when Worldwide did not promote her.</u>

Zolondek alleges that she was denied a promotion when Worldwide did not provide her the position she desired with Czechoslovakia Air. (Objections at 8-9). Judge Bloom found no inference of discrimination in the denial of the transfer, and found that Zolondek actually received the transfer. (R&R at 14). In her objections, Zolondek states that although she was given the transfer, it was not

to her desired position (that position was given to another employee of Russian origin) and she was later removed from the less desirable position in favor of an African-American employee. (Objections at 9). Zolondek's support for this are the allegations in the complaint and exhibits attached to her motion already reviewed by Judge Bloom in preparing the R&R. Again, this is not sufficient to warrant a *de novo* review of the record. The court finds no clear error in the R&R's finding that the events surrounding the alleged denial of the promotion do not give rise to an inference of discrimination.

(6)     Other objections to the R&R.

Zolondek objects to statements in the R&R that are wholly irrelevant to the determination of Worldwide's motion. With respect to the following objections, the court need not determine whether there is any error in the R&R:

(1) The R&R states that Zolondek chose to terminate her relationship with prior counsel. (R&R at 3). Zolondek alleges that she did not chose to do so, but was rather forced to terminate her relationship with her prior counsel due to a billing dispute. (Objections at 2).

(2) The R&R states that Zolondek received Worldwide's sexual harassment training. Zolondek alleges that she did not. (Objections at 3).

(3) Zolondek objects to the R&R's statement that she was hired by a Worldwide employee named Irene alleging she was actually hired by a different worldwide employee. (Objections at 3).

(4) The R&R states that Worldwide's non-discriminatory reason for transferring Zolondek from Building 78 to the Saudi Air Building was that Zolondek was "rude and inattentive." (R&R at 9). Zolondek claims that she was "never rude." (Objections at 5).

8

**Conclusion**

Because there are no issues requiring *de novo* review by the court, and Judge Bloom's R&R does not contain any clear error, Zolondek's objections are overruled and the court adopts the RR in its entirety. Accordingly, defendant's motion for summary judgement is granted in its entirety and this action is dismissed without costs to either party. Moreover, pursuant to 28 U.S.C. §1915(a)(3) the court finds that any appeal from this judgement would not be taken in good faith. The Clerk of the Court is directed to close the file maintained in this matter.

SO ORDERED.

DATED:    Brooklyn, New York
             March 2, 2007

                                                          _____/S/_____
                                                                 DORA L. IRIZARRY
                                                            United States District Judge